# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                           )
**PETER CAMERANO, as Personal**            )
**Representative of the Estate of Patrick**)
**Camerano,**                              )
                                           )
     **Plaintiff,**                  )
                                           )    **Civil Action No.**
     **v.**                         )    **15-13075-FDS**
                                           )
**UNITED STATES of AMERICA,**              )
                                           )
     **Defendant.**                  )
_____)

## ORDER ON PLAINTIFF'S MOTION TO AMEND AND THE GOVERNMENT'S MOTION TO SUBSTITUTE ITSELF AS THE PROPER DEFENDANT

**SAYLOR, J.**

This is an action for wrongful death.  Plaintiff Peter Camerano contends that in 2012, his father sustained injuries and died while a resident at East Boston Neighborhood Health Center. Plaintiff filed a complaint on August 3, 2015, naming East Boston Neighborhood Health Center Corp. (as well as "East Boston Neighborhood Health Center"), and employees James Pedulla, Diane Maraio, Pamela Woo, Michelle Stimpson, and Nancy Seigal as individual defendants.  On November 18, 2015, plaintiff moved to amend the complaint to add the United States of America as a party defendant.  The amended complaint includes the employees as named defendants.

On November 24, 2015, the government moved to substitute the United States of America as the proper party defendant and dismiss the individual defendants.  The government contends that at the time of the alleged incidents, the East Boston Neighborhood Health Center was a federally-supported health care center.  With its motion, the government filed a certification by the United States Attorney stating that the five individual defendants were

employees of the Department of Health and Human Services at the time of the alleged incidents and were acting in the course and scope of their employment pursuant to the Federally Supported Health Care Centers Assistance Act of 1992.  42 U.S.C. § 233(a).

The "exclusiveness of remedy" provision of the Federal Tort Claims Act provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).  At the time of the incidents out of which plaintiff's negligence claims arise, the East Boston Neighborhood Health Center was a federally-supported health care center, and, according to the United States Attorney's certification, the five individual defendants were acting within the scope of their employment at that facility.  Therefore, plaintiff's claims for negligence fall within the FTCA and his exclusive remedy is against the United States of America.

Accordingly, the government's motion to substitute the United States of America as the proper party defendant is GRANTED, the plaintiff's motion to amend the complaint is GRANTED, and the claims against the individual defendants are hereby DISMISSED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: February 8, 2016